# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Randall Todd Chapman,**
**Plaintiff Below, Petitioner**

**FILED**

November 22, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 13-0466** (Cabell County 10-C-526)

**Verizon Communications, Inc., Verizon West Virginia, Inc.,**
**Todd Howard, and Larry Menninger,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Randall Todd Chapman, plaintiff below, by counsel J. Patrick Stephens and Abraham J. Saad, appeals the Circuit Court of Cabell County's April 1, 2013, "Order Granting Defendants' Motion for Summary Judgment." Respondents Verizon Communications, Inc., Verizon West Virginia, Inc., Todd Howard, and Larry Menninger, defendants below, by counsel J. David Fenwick, Victoria L. Wilson, Tennille J. Checkovich, and Robert F. Holland, respond in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was employed by one of the Respondent Verizon companies. Petitioner explains that on Friday, June 12, 2009, he was involved in an automobile accident on his way to work. While being transported to the hospital in an ambulance, petitioner telephoned his supervisor, Respondent Howard. Howard reportedly told petitioner not to worry about work and that he would take care of everything. At the hospital, petitioner received twenty staples for a laceration on his head. He also had a bruised sternum, abrasions, and back pain. He was released from the hospital after a few hours with a written excuse to miss three days of work. Petitioner went to work on Monday, June 15, and was given light duty assignments for two weeks. Petitioner required no further medical treatment and had recovered from his injuries within one month of the accident.

In order to have his June 12 work absence excused, petitioner submitted a request for Family Medical Leave Act ("FMLA") time. Petitioner's wife completed the request form and submitted it to the Verizon Absence Reporting Center ("ARC"), which is apparently a centralized office responsible for reviewing and approving leave requests for Verizon employees. ARC decided that petitioner's condition did not qualify as a "serious health condition" as defined

1

by the FMLA, thus ARC denied petitioner's request to treat June 12 as a FMLA day. Petitioner appealed the denial, but ARC denied it a second time. Thereafter, citing to the ARC denial and to petitioner's "unsatisfactory overall performance," Verizon advanced petitioner to Step 4 of its attendance policy and suspended him for ten days.

Petitioner admits that he received a denial letter from ARC. However, he asserts that he subsequently received *another* letter from ARC that *approved* his FMLA request. Upon returning from his suspension, petitioner submitted to his manager a letter purporting to be ARC's approval of FMLA time for June 12. Verizon management doubted the authenticity of the approval letter and opened an investigation. An internal investigator reviewed the documents and interviewed petitioner and others. For several reasons, the investigator determined that the approval letter was a falsified document. ARC had no record of sending an approval letter, and although petitioner's manager had received an e-mailed copy of the denial letter, he had never received any approval letter from ARC. Moreover, the contents of the purported approval letter were not consistent with the form letter used by ARC for such matters. The approval letter appeared to be a compilation of different types of letters sent by ARC, and it failed to include a paragraph that had recently been added to similar form letters. Finally, petitioner produced an opened envelope postmarked August 27 in which he claimed he had received the approval letter. However, ARC's records showed that the envelope containing the denial letter would have been postmarked on that day.

On November 20, 2009, Verizon terminated petitioner's employment for submitting a fraudulent FMLA approval letter and for making false statements during the investigation, both of which violate Verizon's written Code of Business Conduct.

Thereafter, petitioner sued the Verizon companies and Verizon officials (respondents herein) alleging, inter alia, unlawful disability termination and the failure to offer reasonable accommodations in violation of the West Virginia Human Rights Act ("HRA"). W.Va. Code §§ 5-11-1—20.[1]

By order entered on April 1, 2013, the circuit court granted summary judgment in favor of respondents. The circuit court relied upon petitioner's deposition testimony, where his admissions included that he did not consider himself to be disabled; he is able to perform all major life activities; he has no reason to dispute that his supervisors thought his FMLA request had been denied; the approval letter he submitted had different wording than other ARC form letters; Verizon properly initiated the investigation; the investigation was conducted in a proper and thorough manner; it was reasonable for Verizon to conclude that the approval letter was falsified; and he had no reason to doubt that Verizon's proffered reasons were the reasons for his termination.

The circuit court concluded that regardless of who fabricated the approval letter, the submission of a falsified document to the employer was a legitimate, non-discriminatory basis

---

[1]Petitioner made additional claims in his Complaint, some of which he later withdrew and some of which were dismissed on summary judgment. However, only his HRA claims are at issue in this appeal.

2

for petitioner's termination. Furthermore, the circuit court found that petitioner offered no evidence that he was disabled or perceived to be disabled; no evidence to create an inference of discrimination; no evidence to create an issue of fact as to whether Verizon's reason for the termination was pretextual; and no evidence that Verizon knew or should have known that he needed a disability accommodation.

Petitioner now appeals to this Court challenging the portions of the circuit court's order granting summary judgment for respondents on his HRA claims. "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). A claim of unlawful discriminatory practices in employment is analyzed under the following framework:

> 2. "In an action to redress unlawful discriminatory practices in employment . . . the burden is upon the complainant to prove by a preponderance of the evidence a prima facie case of discrimination[.] If the complainant is successful in creating this rebuttable presumption of discrimination, the burden then shifts to the respondent to offer some legitimate and nondiscriminatory reason for the rejection. Should the respondent succeed in rebutting the presumption of discrimination, then the complainant has the opportunity to prove by a preponderance of the evidence that the reasons offered by the respondent were merely a pretext for the unlawful discrimination." Syllabus point 3, in part, *Shepherdstown Volunteer Fire Department v. State ex rel. State of West Virginia Human Rights Commission*, 172 W.Va. 627, 309 S.E.2d 342 (1983).

> 3. "In order to make a prima facie case of employment discrimination under the West Virginia Human Rights Act, W.Va. Code § 5–11–1 *et seq.* (1979), the plaintiff must offer proof of the following: (1) That the plaintiff is a member of a protected class[;] (2) That the employer made an adverse decision concerning the plaintiff[; and] (3) But for the plaintiff's protected status, the adverse decision would not have been made." Syllabus point 3, *Conaway v. Eastern Associated Coal Corp.*, 178 W.Va. 164, 358 S.E.2d 423 (1986).

Syl. Pts. 2 and 3, *Young v. Bellofram Corp.*, 227 W.Va. 53, 705 S.E.2d 560 (2010).

Our review of the record on appeal and of the parties' arguments convinces us that summary judgment was properly granted for respondents. In his Complaint, petitioner alleged that respondents committed disability discrimination by failing to offer reasonable accommodations and by terminating his employment. The term "disability" is defined in the HRA as "[a] mental or physical impairment which substantially limits one or more of such person's major life activities . . . [that] includes . . . working[.]" W.Va. Code § 5–11–3(m)(1). However, petitioner admitted during his deposition that he has no impairment which substantially limits his life activities.

Even if petitioner's injuries on June 12, 2009, constitute a temporary disability subjecting him to HRA protections, and assuming arguendo that petitioner established a prima facie case of discrimination, we nonetheless conclude that respondents rebutted any such

3

presumption with evidence of a legitimate, non-discriminatory reason for his discharge. There is overwhelming evidence that the approval letter was falsified. Submission of false information to Verizon is against the company's rules. Petitioner has failed to present evidence that respondents' proffered reasons for the termination were pretextual. To the contrary, during his deposition, petitioner admitted that he had no reason to doubt that Verizon's proffered reasons were the reasons for his termination.

Accordingly, we find no error and affirm the circuit court's order granting respondents' motion for summary judgment on petitioner's HRA claims.[2]

Affirmed.

**ISSUED:** November 22, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[2]During his deposition, petitioner expressed his opinion that he was treated unfairly by Verizon. He noted his injuries and need for immediate medical attention after the car accident, and his supervisor's assurance not to worry about missing work that day. We understand petitioner's feelings in this regard. However, the purported unfairness of the employer's decision to deny petitioner's request for leave time does not rebut respondent's evidence that it discharged petitioner because of the submission of false information, which is a legitimate, non-prextual basis for the termination.

4